UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br>CALEB JESSE CHAPMAN,<br><br>　　　　　　　　　Defendant. | CASE NO. MJ21-5185<br><br>ORDER ON DEFENDANT'S MOTION FOR REVIEW MAGISTRATE COURT ORDERS OF DETENTION [DKTS. 11, 20] |

This matter comes before the Court on the above referenced motion (Dkt. 21), the Court is familiar with all documents filed in support of and in opposition to the motion, the transcripts of hearings before the magistrate judge (Dkts. 21-1 and 21-3) and her rulings (Dkts. 11 and 21-3), the Pretrial Services Reports (Dkts. 7, 9, 19), and the remainder of the file. Oral argument is not necessary for fair disposition of this motion.

For the reasons stated below, the Motion for Review should be granted and, on review, the Detention Orders (Dkts. 11 and 21-3) should be revoked and the Defendant should be released subject to conditions.

Defendant Chapman is charged with assault by striking, beating, or wounding, in violation of 18 U.S.C. § 113(a)(4), a misdemeanor with a 1-year maximum penalty. The events giving rise to the charge occurred on 29 August 2021 in the Olympic National Park, thereby giving this Court jurisdiction. After a hearing before a magistrate judge, he was ordered detained (Dkt. 11). On rehearing, the detention order was affirmed (Dkt. 21-3). He has been in custody since 31 August 2021. While the file reflects that Defendant was engaged in bizarre and threatening behavior (*see* Dkt. 24, § II, ¶ 1), the only charge pending against him in this case is the one referred to above.[1] The charge in this case stems from the Defendant throwing a full can of food at the victim, hitting her, and causing a wound, in a domestic dispute.

Review of a magistrate judge's detention order is conducted without deference to the magistrate judge's factual findings and without deference to the magistrate judge's ultimate decision. *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990).

This Court must consider: (1) the nature and seriousness of the charges; (2) the weight of the evidence; (3) the history and characteristics of the Defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g)(1)-(4) (the "Bail Reform Act"). Release before trial should be the normal course and detention the carefully limited exception. *United States v. Salerno*, 481 U.S. 739, 755 (1987). The Bail Reform Act provides that a court should detain a defendant pending trial if "no condition or combination of conditions . . . will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

---

[1] He also has a charge of "Unattended Child Left at Home" pending since 28 June 2020 in State District Court.

It appears from the record that the actual charge against the Defendant is a misdemeanor committed in the course of an apparent break from reality caused by heavy drug use. The Court will assume that the evidence on the charge offense is strong. The characteristics and history of the Defendant prior to the events surrounding the offense do not prevent him from being released under reasonable conditions. The issues raised by this appeal focus on the fourth of the court's considerations – what is the nature and seriousness of the danger to others or the community should he be released?

It appears to the Court from the record herein that Defendant was suffering a break with reality (the Court is reluctant to attempt to diagnose Defendant's psychiatric situation) caused by heavy methamphetamine use. His bizarre and threatening actions, while concerning, appear to be triggered by his drug use, and are unlikely to reoccur if his methamphetamine use is controlled. It further appears that his drug abuse will likely be controlled with an appropriate release plan, including drug treatment.

Certainly, Defendant presents a risk of nonappearance and of danger, but there are conditions of release that will reasonably assure future court appearances and address danger to others and to the community so that release on conditions will make such a plan reasonably safe. The Court is not satisfied that the Government's showing satisfies its burden of proof as described above.

Therefore, the Court finds and **ORDERS** as follows:

- Previous Detention Orders (Dkts. 11 and 21-3) **ARE REVOKED**;
- The Defendant shall be released on his personal recognizance, but only with Pretrial Services supervision and subject to the following conditions:
    1. Submit to drug and alcohol testing, to include urinalysis, breathalyzer, or hand-held testing devices, as directed by Pretrial Services. Defendant shall

not use, consume, or possess alcohol, any product containing alcohol, or other intoxicants, including medication, unless prescribed to you by a physician and under the direction of Pretrial Services.  Obtain an alcohol/substance abuse evaluation and follow any treatment recommendations as directed by Pretrial Services.  Defendant shall participate as directed in a program approved by the probation and pretrial services office for treatment of narcotic addiction, drug dependence, or substance abuse, which may include testing to determine if the defendant has reverted to the use of drugs or alcohol.

2. The Defendant shall participate in the location monitoring program with Active Global Positioning Satellite technology. The Defendant is restricted to his/her residence at all times except for employment, religious services, medical, legal reasons, or as otherwise approved by the location monitoring specialist. The defendant shall abide by all program requirements, and must contribute towards the costs of the services, to the extent financially able, as determined by the location monitoring specialist. The location monitoring specialist will coordinate the defendant's release with the U.S. Marshals.
3. Maintain residence as directed. Do not change residence without prior approval of Pretrial Services or as directed by Pretrial Services.
4. Defendant is prohibited from possessing or having access to firearms and dangerous weapons. All firearms and dangerous weapons must be removed from Defendant's residence(s), vehicle(s), and place of employment. This condition operates in conjunction with any restrictions imposed under Title 18, U.S.C. 922, and the Washington State Revised Code, Chapter 9.41.
5. Undergo a mental health, psychiatric or psychological evaluation and follow all treatment recommendations in that evaluation, as directed by Pretrial Services. Defendant shall take all medications as prescribed.
6. Maintain employment, or, if unemployed, actively seek employment as directed by Pretrial Services.
7. Defendant must contribute towards the costs of the services required by this bond, to the extent he is financially able to do so, as determined by Pretrial Services.
8. No direct or indirect contact with Amy Johnson.
9. Comply with all other court orders or terms of supervision.
10. The Defendant shall participate in and successfully complete inpatient treatment at a facility designated by Pretrial Services.  Defendant must comply with facility rules and follow any aftercare recommendations as directed by Pretrial Services.  The Defendant shall not abort treatment without prior approval of Pretrial Services. **Pretrial Services will coordinate the Defendant's release with the U.S. Marshals.**
11. The Defendant shall abide by all federal, state, and local directives regarding the COVID-19 pandemic.
12. The Defendant shall be tested for COVID-19 prior to release from custody. Should he test positive for COVID-19, he shall remain in custody until a negative test is obtained.  **The Pretrial Services Officer will coordinate the Defendant's Release with the U.S. Marshals**.

ORDER ON DEFENDANT'S MOTION FOR REVIEW MAGISTRATE COURT ORDERS OF DETENTION [DKTS. 11, 20] - 4

13. The Defendant is prohibited from entering the Olympic National Park.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 22nd day of November, 2021.

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge